AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
6/18/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: EC DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California



FILED
CLERK, U.S. DISTRICT COURT
06/18/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ARO DEPUTY

United States of America,
v.
RAUL CORTEZ LEMUS, aka "Raul Lemus Cortez,"
Defendant(s)

Case No. 8:25-mj-00496-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of <u>September 30, 2023</u> in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §1326(a) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

  *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

JARED BROMBERG, Deportation Officer, DHS
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: June 18, 2025

Judge's signature

City and state: Santa Ana, California

Hon. JOHN D. EARLY, U.S. Magistrate Judge
*Printed name and title*

AUSA: Brian J. Yang

**AFFIDAVIT**

I, Jared Bromberg, being duly sworn, declare and state as follows:

## I. **PURPOSE OF AFFIDAVIT**

1. This affidavit is made in support of a complaint and arrest warrant against RAUL CORTEZ LEMUS, aka "Raul Lemus Cortez" ("CORTEZ") charging him with violating Title 8, United States Code, Section 1326(a) (Illegal Alien Found in the United States Following Deportation or Removal).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, data contained in Department of Homeland Security ("DHS") databases, the Alien File ("A-File") that is assigned to CORTEZ, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. **BACKGROUND OF JARED BROMBERG**

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since June 2009. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office,

1

Santa Ana sub-office. Prior to working as a DO with ICE, I worked as an Immigration Enforcement Agent with ICE since February 2007. Prior to working for ICE, I worked as a Customs and Border Protection Officer with United States Customs and Border Protection ("CBP") since July 2004. Prior to working for CBP, I worked as an Immigration Inspector for INS since August 2002.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about September 30, 2023, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that CORTEZ had recently been encountered by the Orange County Sheriff's Department ("OCSD"). On or about September 30, 2023, CORTEZ was determined to be at the Orange County Jail in Santa Ana, California by Deportation Officer J. Chen ("DO Chen"). DO Chen is authorized to enforce Immigration laws pursuant to Section 287(a) of the Immigration and Nationality Act. An Immigration Detainer-Notice of Action (Form I-247A) was issued against CORTEZ. On or about October 4, 2023, CORTEZ was released from the custody of the OCSD.

5. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6. On or about May 28, 2025, I reviewed DHS A-File A97-705-183 (the "DHS A-File"), which is maintained for subject alien CORTEZ. The DHS A-File contained the following documents and information:

    a. The following documents related to CORTEZ's removal:

        i. An Order of the Immigration Judge showing that CORTEZ was ordered removed to Mexico by Ted A. White, Immigration Judge, Lancaster, California, on or about May 21, 2007.

        ii. An executed Warrant of Removal/Deportation indicating that CORTEZ was officially removed from the United States on or about May 24, 2007.

    b. I know from my training and experience that a Warrant of Removal, a Warrant of Removal/Deportation, or a Notice to Alien Ordered Removed/Departure Verification is executed each time a subject alien is removed or excluded from the United States by DHS (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in CORTEZ's DHS A-File contained a photograph, signature, and fingerprint.

    c. A Record of Deportable/Inadmissible Alien (Form I-213) dated on or about April 11, 2007, which indicates that, on or about March 30, 2007, CORTEZ admitted to being a citizen of Mexico.

      d.    The I-213 dated on or about April 11, 2007, listed a Federal Bureau of Investigation Identification number (FBI number). On or about June 11, 2025, I compared the FBI number to the one listed on the electronic notification received from the PERC. These documents list the same FBI identification number. I thus believe that this DHS A-File and its contents corresponded to CORTEZ.

      7.    A review of the DHS databases revealed that, after the last date of removal, CORTEZ was encountered by DHS on or about July 30, 2007. A record related to this encounter indicates that CORTEZ was granted a voluntary return to Mexico.

      8.    On or about May 28, 2025, I reviewed the DHS computer indices on CORTEZ. Based on my training and experience, I know that the DHS computer indices track and document each time an alien is removed, deported, or excluded from the United States by DHS, was removed, deported, or excluded by the former INS, or is granted permission to enter or re-enter the United States. The DHS computer indices confirmed that CORTEZ had been removed, deported, and/or excluded on or about the date indicated on the Warrant of Removal/Deportation found in the DHS A-File. The DHS computer indices further indicated that CORTEZ had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States following his last deportation and removal.

      9.    Based on my review of the DHS A-File, I determined that it does not contain any record of him applying for, or receiving from the Attorney General or the Secretary of Homeland

Security, permission to re-enter the United States following his last deportation and removal. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in CORTEZ's DHS A-File.

## IV. CONCLUSION

For all the reasons described above, there is probable cause to believe that RAUL CORTEZ LEMUS has committed a violation of Title 8, United States Code, Sections 1326(a), Illegal Alien Found in the United States Following Deportation or Removal.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 18th day of June
2025.

_____
HONORABLE JOHN D. EARLY
UNITED STATES MAGISTRATE JUDGE